Dear Mr. Andries:
You have asked this office to advise whether an elected councilman of St. Landry Parish may also serve as the executive director of the District Five Road and Public Works Commission (hereafter "the commission") of St. Landry Parish.
We first note that the public works commission "shall be considered a political subdivision of the state of Louisiana" under the authority of R.S. 48:600.1(D)(1). R.S. 48:600.1(C)(3) further empowers the commission to "hire such assistants as are needed to assist the board in the performance of its duties", to the extent that funds are available. R.S.48:600.1(C)(3) states:
 (3) The duties of the officers shall be fixed by bylaws adopted by the board. The board shall adopt such rules and regulations as it deems necessary or advisable for conducting its business and affairs and, to the extent that funds are available, shall hire such assistants and employees as are needed to assist the board in the performance of its duties. It shall hold regular meetings as shall be provided in the bylaws and may hold special meetings at such time and places within the boundaries of the commission as may be prescribed in the bylaws. (Emphasis added).
The commission is authorized to hire an executive director pursuant to statutory authority enabling the commission to hire "assistants and employees as are needed" under R.S. 48:600.1(C)(3). If an executive director was hired by the commission, the position would necessarily be one of employment as defined in R.S. 42:62(3), stating:
 (3) "Employment" means any job compensated on a salary or a per diem basis, other than an elective or appointive office, in which a *Page 2 
person is an employee of the state government or of a political subdivision thereof.
The position of executive director for the commission is not one that is statutorily defined as an appointive office. An appointive office "is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment. . ." See LSA-R.S. 42:62(2). The statutes pertaining to the public works commission do not define the position of executive director as an appointive office, i.e., it is not established or authorized by the constitution or laws of this state.
In other words, while R.S. 48:600.1(C)(3) authorizes the commission to hire and compensate an executive director as an employee, the language of the statute does not authorize the commission to designate an individual as executive director and characterize the position as an uncompensated appointive office, as has apparently been done.
You state that the acting executive director in fact serves without compensation, has no authority to make operation procedures nor sign checks, and his job is "to convey the wishes of the Board to the foreman". Apparently, the foreman handles the daily work load and reports to the commission at monthly meetings.
We can only determine that the parish councilman holds neither employment nor appointive office with the commission for purposes of dual officeholding. He does not hold employment because he is not compensated on a salary or a per diem basis under R.S. 42:62(3); further, he does not hold appointive office as the position is not one established by law under R.S. 42:62(2).
However, If the position of executive director was properly establishedby the commission as a position of part-time or full-time employment,R.S. 42:63(D) would not prohibit the councilman from holding suchemployment.
LSA-R.S. 42:63(D) of the Louisiana Dual Officeholding and Dual Employment laws pertinently provide:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . . (Emphasis added). *Page 3 
R.S. 42:63(D) prohibits the councilman from holding any employment in the same political subdivision in which he holds elective office. The prohibition of R.S. 42:63(D) proves inapplicable because the two positions fall within separate political subdivisions, i.e., the parish and the commission. The commission is a special district under R.S. 42:63(9) which defines "political subdivision" as:
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions.
In addition, for the purposes of this part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions. (Emphasis added).
In short, we cannot find any violation of the dual officeholding laws, as the councilman is acting in a capacity which is neither employment nor appointive office. However, he may be acting in a capacity that is technically unauthorized as the position is not properly established. It is suggested that the commission make a decision to hire and compensate an executive director if such an employee is needed. In the interim, it is further suggested that the commission directly convey the "wishes of the Board" to the foreman, and dispense using the councilman as the messenger.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________
 KERRY L KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK: arg